IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01649-MEH-BNB

ROSE A. SANTISTEVAN,

    Plaintiffs,

v.

CITY OF COLORADO SPRINGS, a municipality;
RICHARD MYERS, in his official capacity as Colorado Springs Chief of Police;
JIMMY RODGERS, in his official and individual capacity;
PHIL GURNETT, in his individual capacity;
JACKSON ANDREWS, in his official and individual capacity;
KEN MOORE, in his individual capacity;
BRIAN MATTISON, in his individual capacity;
OWEN MCCORMACK, in his individual capacity;
JEFFERY KRAMMER, in his individual capacity;
SCOTT ROBBLEE, in his individual capacity;
JOHN DAVID, in his individual capacity;
JASON HESS, in his individual capacity;
MICHAEL SHALLER, in his individual capacity;
KIMBLE GINGRICH, in his individual capacity; and
OTHER UNKNOWN AGENTS OF THE COLORADO SPRINGS POLICE DEPARTMENT, in their official and personal capacities,

    Defendants.

**ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion to File Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2) [filed November 23, 2011; docket #81]. The motion has been fully briefed, including responses from each category of Defendants and Plaintiff's replies thereto. Oral argument would not materially assist the Court in adjudicating the motion. For the reasons set forth below, Plaintiff's motion is **granted**.

**I.     Background**

This lawsuit arises out an allegedly unlawful search of Plaintiff's residence conducted by police officers on October 6, 2009. (Docket #1, 1.) Plaintiff filed her initial complaint on June 23, 2011, naming several individual officers, two municipalities, and the United States of America as Defendants. (*Id.*) Shortly thereafter, Defendants City of Colorado Springs and El Paso County moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). (Dockets ##27, 28.) In response, Plaintiff filed her first amended complaint on September 16, 2011 without objection from Defendants. (Docket #55.) Plaintiff's first amended complaint does not include the United States of America, and thus, reduces Plaintiff's claims only to those brought pursuant to Section 1983. (*Id.*) In light of the Plaintiff's first amended complaint, the Court denied both motions to dismiss as moot. (Docket #73.)

Based on the docket and the filings, the remaining Defendants divide themselves into two categories: 1) the "City Defendants," comprised of the City of Colorado Springs, Richard Myers, Rick Millright, and Jackson Andrews; and 2) the "County Defendants," comprised of El Paso County, Phil Gurnett, and Terry Maketa. The County Defendants filed a renewed motion to dismiss on October 13, 2011. Pursuant to the Scheduling Order issued by Magistrate Judge Boland, the deadline for joinder of parties and amendment of pleadings was November 15, 2011. (Docket #66.) The day of the deadline, Plaintiff moved to file a second amended complaint in lieu of a response to the County Defendants' second motion to dismiss. (Docket #79.)  The Court denied Plaintiff's motion without prejudice for failure to comply with D.C. Colo. LCivR 7.1A. (Docket #80.)

After conferring with counsel, who opposed the relief requested, Plaintiff filed the present motion again seeking leave to file a second amended complaint. Plaintiff asserts that the second

amended complaint is based on newly acquired information regarding the identities of the individual officers who allegedly participated in the incident giving rise to this lawsuit. In addition, Plaintiff claims that communications with Defendants' counsel have enabled her to identify the appropriate parties. With respect to the City Defendants, Plaintiff seeks to drop Rick Millright and add Sergeant Jimmy Rodgers. For the County Defendants, Plaintiff seeks to drop El Paso County and Terry Maketa, and in their place, add Ken Moore, Brian Mattison, Owen McCormack, Jeffery Krammer, Marcus Miller, Scott Robblee, John David, Jason Hess, Michael Shaller, and Kimble Gingrich.

Both the City and County Defendants filed objections to Plaintiff's motion. In essence, both advance the same three-part argument: the statute of limitations has run on the proposed defendants, the amendment does not relate back, and equitable tolling is not appropriate in this case. In light of the above, Defendants assert that a second amended complaint would be futile. Even if the Court does not find futility, Defendants contend that any further amendments would be unduly prejudicial.

Plaintiff's motion did not appear to contemplate Defendants' arguments, as it does not address relation back. However, Plaintiff does discuss relation back in her reply briefs.

The Court will first analyze whether the statute of limitations has expired, including whether the statute should be equitably tolled. If Plaintiff's amended claims are barred by the statute of limitations and equitable tolling is not proper, the Court will then determine whether the proposed amendments relate back to the date of the original filing. Finally, the Court will address any potential prejudice that may inure to proposed or existing defendants if Plaintiff is granted leave to amend.

**II.   Discussion**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for

service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

As the Tenth Circuit has explained, a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bell v. City of Topeka, KS*, 279 F. App'x 689, 692 (10th Cir. 2008) (quoting *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001)). A claim barred by the statute of limitations is subject to dismissal unless the proposed amendment relates back to the date of the original filing under Fed. R. Civ. P. 15(c). *See id.*

A. <u>Statute of Limitations and Equitable Tolling</u>

Although section 1983 does not establish its own statute of limitations, "the statute of limitations for §1983 actions brought in Colorado is two years from the time the cause of action accrued." *Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is undisputed that Plaintiff's home was searched on October 9, 2009; thus, the statute of limitations on all claims arising therefrom expired on October 9, 2011. (*See* docket #1.) Plaintiff moved for leave to file a second amended complaint on November 15, 2011, over a month after the standard two-year period. Plaintiff's claims against the proposed defendants may not be time-barred if equitable tolling applies; however, Plaintiff bears the burden of demonstrating that tolling is warranted. *See Braxton*, 614 F.3d at 1159. That is, Plaintiff must identify "truly extraordinary circumstances" that prevented her from bringing a claim, or show that

Defendants have wrongfully impeded her from doing so. *See id.* at 1161.  Plaintiff has made no argument regarding the statute of limitations, nor has Plaintiff made any incidental showing that equity requires tolling in this case.

Because over two years have elapsed between the time of the incident and the time at which Plaintiff sought leave to file a second amended complaint, and because the Court does not find that circumstances justify tolling the statute of limitations, Plaintiff's 1983 claims against the proposed defendants are subject to dismissal unless they relate back to the date of the original filing.

  B.  <u>Relation Back</u>

Rule 15(c)(1) governs the relation back of amendments.  If the applicable statute of limitations has run, an amended complaint may relate back to the date of the timely filed original complaint when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A-C) (2011).  As the Supreme Court noted in *Krupski v. Costa Crociere S. p. A.*, – U.S. __, 130 S. Ct. 2485, 2494 (2010), the purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."  The Court explained that while a prospective defendant who legitimately believed the

limitations period had passed may have a strong interest in repose, such repose would be a "windfall" for one who understood, or should have understood, that he or she escaped suit only because the plaintiff was mistaken about a crucial fact about his or her identity. *Id.*

As reflected in the plain language of the statute, Rule 15(c)(1)(B) applies to an amendment asserting a claim or defense, and Rule 15(c)(1)(C) applies to an amendment changing a party or the naming of a party. Defendants do not base their objections on the addition of new claims. However, Plaintiff contends, and the Court agrees, that the proposed amended claims arise out of the same incident set forth in the original complaint. Thus, Plaintiff's amended complaint satisfies Rule 15(c)(1)(B).

The primary controversy is, of course, whether Plaintiff has satisfied Rule 15(c)(1)(C). In resolving this question, the Court will determine first whether the proposed defendants received adequate notice, and second, whether Plaintiff's failure to name the proposed defendants in the original complaint was due to a mistake. Because Rule 15(c)(1)(C) must be fully satisfied for each proposed defendant, and because each proposed defendant is represented by counsel for either the City Defendants or County Defendants, the Court will bifurcate its analysis as follows: proposed defendant Sergeant Rodgers will be discussed with respect to the City Defendants, while proposed defendants Ken Moore, Brian Mattison, Owen McCormack, Jeffery Krammer, Marcus Miller, Scott Robblee, John David, Jason Hess, Michael Shaller, and Kimble Gingrich will be discussed with respect to the County Defendants.

    1.    Notice

Beyond the threshold requirement of satisfying Rule15(c)(1)(B), Plaintiff must show that each proposed defendant "received such notice of the action that [he or she] will not be prejudiced

in defending on the merits" within the 120 day period contemplated by Rule 4(m). Fed. R. Civ. P. 15(c)(1)(C)(i). In this case, the parties agree that the relevant date is October 23, 2011.

Plaintiff advances essentially the same argument for both categories of proposed defendants: because the proposed defendants are represented by the same counsel as the existing defendants, "the institution of an action against one serves to provide notice to the other." (*See* dockets ## 101, 3 and 102, 3.)

The City Defendants contend that Plaintiff's claim against officers of the Colorado Springs Police Department was not sufficient to provide Sergeant Rodgers with notice of the lawsuit. The City Defendants emphasize that Plaintiff's motion failed to show that Rodgers was on notice of the claims against *him*, and as a result, Rodgers would be unduly prejudiced by defending himself at this stage in the litigation. Like the City Defendants, the County Defendants claim that Plaintiff's failure to aver that the proposed defendants received notice effectively bars relation back.

While both sets of Defendants make much of Plaintiff's failure to allege notice in her motion to amend, Rule 15(c)(1)(C)(i) does not render this omission prohibitive. Although neither Plaintiff's motion nor reply briefs specifically assert that the proposed defendants were notified directly of the claims against them, Plaintiff argues that notice may be imputed to the proposed defendants through their relationship with counsel for the existing defendants.

Although it appears the Tenth Circuit has not directly addressed whether notice may be imputed through counsel, other circuits and at least one district court within the Tenth Circuit have found such notice sufficient. *See G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994) (noting that "[c]ases from other circuits confirm that Rule 15(c) notice is satisfied when 'the parties are so closely related in their business operations or activities that the institution of an action

against one serves to provide notice of the litigation to the other'") (citations omitted); *see also Ennis v. HCA Health Services of Oklahoma, Inc.*, CIV-04-682-D, 2008 WL 2510101, *4, n.3 (W.D. Okla. June 17, 2008) (finding that constructive notice may be imputed to a new defendant through its attorney who also represents the party or parties originally sued) (citations and quotations omitted). Notably, the Court in *Krupski* also found constructive notice where the entity originally sued was represented by the same counsel as the prospective defendant. *See Krupski*, 130 S. Ct. at 2491-92.

Although the Court is reluctant to adopt a *per se* presumption that shared counsel always equates to shared notice, the facts of this particular case warrant such a finding. The officers and municipalities named in this lawsuit are essentially represented by two different attorneys: William Lamphere of the Colorado Springs City Attorney's Office appears on behalf the City of Colorado Springs and the remaining City Defendants, while Amy Folsom of the El Paso County Attorney's Office appears on behalf of El Paso County and the remaining County Defendants. The sole exception is Diana May, who, in addition to Ms. Folsom, represents Phil Gurnett. Like the other officers named in the lawsuit, the proposed defendants would presumably be represented by one of the two attorneys already appearing in this case. The continuity of counsel, combined with Plaintiff's discussions with counsel in September and October of 2011, persuades the Court that the proposed defendants received such notice of the action prior to October 23, 2011 that they would not be prejudiced in defending the case on the merits.

   2.  Mistake

In addition to showing the proposed defendants received notice of the action, Plaintiff must also demonstrate that the proposed defendants "knew or should have known that the action would

have been brought against [them], but for a mistake concerning the proper party's identity" within the Rule 4(m) period. Fed. R. Civ. P. 15(c)(1)(C)(ii).

The Court's decision in *Krupski* defined "mistake" broadly to include misunderstandings regarding a prospective defendant's status or role. *See Krupski*, 130 S. Ct. at 2494. The Court explained that " a plaintiff may know that [party A] exists, while erroneously believing him to have the status of party B," and similarly, that "a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the 'conduct, transaction, or occurrence' giving rise to her claim." *Id.* The Court held that both misunderstandings constitute "a mistake concerning the proper party's identity" under Rule 15(c)(1)(c)(ii). *Id.* Plaintiff's knowledge of the parties' existence is not determinative. *See id.*

Beginning with the City Defendants, Plaintiff claims her decision to name Commander Rick Millright in the original complaint was based on a mistaken belief concerning Commander Millright's role in the search of her home. While Plaintiff was under the initial impression that Commander Millright played a direct supervisory role in the search and made decisions concerning the validity, timing, and execution of the warrant, Plaintiff learned from the City Defendant's disclosures and from conversations with Mr. Lamphere that the relevant decisions were actually made by Sergeant Rodgers. (Docket #102 at 3-4.)

The City Defendants advance two arguments in response. First, the City Defendants assert that Plaintiff's attempt to add Sergeant Rodgers is, in fact, an attempt to add Rodgers in the place of a previously unknown defendant. Citing *Garrett v. Flemming*, 362 F.3d 692, 969 (10th Cir. 2004), they note that a plaintiff's lack of knowledge of the intended defendant's identity does not constitute a "mistake" under Rule 15(c). Second, and somewhat inconsistently, the City Defendants

assert that Plaintiff made a calculated decision to exclude Sergeant Rodgers from her original complaint.

The City Defendant's first argument, while legally supported, is premised on a mis-characterization of Plaintiff's efforts. As the Court reads the second amended complaint and Plaintiff's briefs in support thereof, Plaintiff is not attempting to add Sergeant Rodgers in the place of an unknown defendant. Rather, Plaintiff is substituting Rodgers for Commander Millright in light of new information regarding the role each officer played in the search. (Docket #81 at 3.)

The City Defendant's second argument undermines their first insofar as it asserts that Plaintiff made a deliberate choice to sue Millright instead of Rodgers and, therefore, knew of Sergeant Rodgers at the time she filed her original complaint. Inconsistency aside, Plaintiff's knowledge of Rodgers' existence at the time she filed her complaint does not preclude a finding of mistake. *See Krupski*, 130 S. Ct. at 2494 ( "[I]t would be an error to conflate knowledge of a party's existence with the absence of mistake.") The Court will address the City Defendant's reliance on *Asten v. City of Boulder*, 08-cv-00845-PAB-MEH, 2010 WL 5464298 (D. Colo. Sept. 28, 2010) more extensively below.

The Court in *Krupski* interpreted mistake to include cases in which a plaintiff knows of a party's existence but misunderstands the role a party played in the incident giving rise to her claim. *See Krupski*, 130 S. Ct. at 2494. In this case, Plaintiff's decision to name Commander Millright instead of Sergeant Rodgers was based on a factual misunderstanding: Plaintiff initially believed that Commander Millright was the supervisor in charge of the search, but discovered later that Sergeant Rodgers was the actual decision maker.   The Court finds that Plaintiff's misunderstanding regarding Sergeant Rodgers' role in the alleged search constitutes a "mistake" within the meaning

of Rule 15(c)(1)(C)(ii). *See id*. Because Sergeant Rodgers knew of his role as a supervisor during the alleged searched, the Court finds that he knew or should have known of Plaintiff's mistake prior to October 23, 2011.

With respect to the County Defendants, Plaintiff avers that her decision to name El Paso County and Terry Maketa as defendants and omit the individual deputies was based on legal mistake concerning whether to sue an institutional or individual defendant. It appears, however, that Plaintiff's error was also somewhat factual, as Plaintiff originally believed the individual deputies were acting in conformity with department policy, but discovered through conversations with Ms. Folsom that they were not. Had plaintiff realized that the individual deputies who executed the warrant were acting contrary to department policies, Plaintiff claims she would have named the individual deputies from the outset.

The County Defendants (and the City Defendants) rely heavily on this Court's decision in *Asten v. City of Boulder* in arguing that Plaintiff's failure to name the proposed defendants was a deliberate choice rather than a mistake. Similar to the case at hand, the plaintiff in *Asten* sued a municipality and a number of police officers alleging excessive force. *Id.* at *2. After the statute of limitations period had expired, the plaintiff sought leave to file an amended complaint adding two additional officers as defendants. *Id.* at 1, 4. Notably, the plaintiff did not allege a mistake of fact or law, and did not seek to remove any defendants that had been previously named. Citing *Krupski*, the Court explained that "a deliberate choice to sue one party instead of another *while fully understanding the factual and legal differences between the two parties* is the antithesis of making a mistake concerning the proper party's identity." *Id.* at 6 (emphasis added) (citations and quotations omitted). The Court emphasized that plaintiff "[was] not seeking to *change* a party, but to *add* two

parties," and that this distinction belied her assertion of mistake. *Id.* (emphasis in original).

While a party's decision to add or change a defendant is not dispositive under *Krupski*, such a decision may indicate whether the party has, in fact, made a mistake. Unlike the plaintiff in *Asten,* Plaintiff in this case is attempting to change rather than add defendants. Although the substitution is not numerically precise, the nature of the change is significant insofar as it reflects the kind of mistake Plaintiff contends she made. As described above, Plaintiff's initial decision to exclude the individual deputies from her original and amended complaints was premised on a mistaken understanding of the County's policies and the extent to which the officers executing the search warrant acted in compliance therewith. Whether this mistake was legal, factual, or a hybrid of the two, it is clear that Plaintiff's decision was not made "while fully understanding the factual and legal differences" between the institutional defendants she did name and the individual defendants she did not. *See Krupski*,130 S. Ct. at 2494.  Based on conversations between Plaintiff's counsel and Ms. Folsom in September 2011, the proposed County defendants knew or should have known prior to the Rule 4(m) period that but for Plaintiff's mistake concerning the County's policies, the individual officers would have been named in the action. (*See* docket #101 at 4.)

"[Rule 15(C)(1)] mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski*, 130 S. Ct. at 2496.  As described above, the Court finds that Plaintiff has satisfied both the notice and mistake requirements of Rule 15(c)(1)(C) within the period required by Rule 4(m) for all of the proposed defendants.  Thus, the Court holds that relation back is required in this case.

    C.    <u>Prejudice to Defendants</u>

Although relation back is not discretionary, the City Defendants note that leave to amend

may be denied upon a showing of prejudice to the party's ability prosecute or defendant the action. (Docket #85 at 8.)  While the Court agrees that the language of Rule 15(a) requires the Court to consider the equities in determining whether leave to amend is appropriate, the facts of this case do not suggest that the proposed defendants would be prejudiced by permitting Plaintiff to file a second amended complaint.  Plaintiff's original motion was filed within the deadline for amendment of pleadings and discovery in this case has not yet closed. In addition, the Court reminds the parties of its willingness to remedy any resulting prejudice by amending the Scheduling Order as needed.

**III. Conclusion**

Although Plaintiff's claims against the proposed defendants would otherwise be barred by the statute of limitations, under Rules 15(c)(1)(B) and (C), the Court finds that Plaintiff's amended complaint relates back to the date of original filing.  Because leave to amend would not be futile, and would not substantially prejudice the existing defendants or those newly substituted, Plaintiff's Motion to File Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2) [filed November 23, 2011; docket #81] is **granted**. The Clerk of the Court is directed to file Plaintiff's Second Amended Complaint, which is attached to Plaintiff's motion as Exhibit 1 [docket #81-1].  Defendants shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated in Denver, Colorado, this 31st day of January, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge